IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENNADY GORENYUK,           )
                            )
                            )   No. 07 C 1190
         v.                 )
                            )
U.S. DEPARTMENT OF          )
HOMELAND SECURITY, *et al.* )

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff Gennady Gorenyuk petitioned the Court for review of Defendant United States Department of Homeland Security's ("Homeland Security") denial of his application for naturalization. Before the Court is Defendant Homeland Security's Motion for Summary Judgment. Because the undisputed facts reveal that Plaintiff was convicted of a crime that renders him statutorily ineligible for naturalization, the Court grants Defendant's motion.

**BACKGROUND**

**I.     Undisputed Facts**

Gennady Gorenyuk is a Ukraine native who became a lawful permanent resident of the United States in November 1989. (R. 17-1, Pl's Local Rule 56.1 Statement, at ¶ 1.) On February 18, 1994, Mr. Gorenyuk pled guilty to two counts of child pornography and one count of aggravated sexual abuse in the Circuit Court of Cook County, Illinois. (*Id.* at ¶¶ 5, 8-9.) Following these convictions, Gorenyuk was placed in removal proceedings. (*Id.* at ¶ 12.) On July 24, 2004, however, an Immigration Judge found Gorenyuk eligible for a waiver of removal, and therefore ordered that he could not be ordered removed from the United States. (*Id.* at ¶ 13.)

On November 1, 2005, Gorenyuk applied for naturalization with the United States Citizenship and Immigration Services (the "USCIS"). (*Id.* at ¶ 14.) The USCIS denied Gorenyuk's application on October 12, 2006, ("the Initial Decision") finding that Gorenyuk was statutorily barred from establishing that he was a person of good moral character because of his felony conviction for aggravated criminal sexual abuse. (*Id.* at ¶¶ 15-17.) On November 14, 2006, Gorenyuk filed an administrative appeal of the USCIS's decision denying his application for naturalization (the "Administrative Appeal"), pursuant to 8 U.S.C. § 1447(a). (*Id.* at ¶ 18.) On March 1, 2007, before the USCIS had ruled on Gorenyuk's Administrative Appeal, Gorenyuk filed a petition requesting that this Court review the USCIS's Initial Decision, pursuant to 8 U.S.C. § 1447(b). (R. 1-1, Pl's Petition.) Shortly thereafter, on March 15, the USCIS issued a decision denying Gorenyuk's Administrative Appeal (the "Appellate Decision"). (R. 17-1, at ¶ 21 & Ex. H.) On July 16, 2007, Gorenyuk filed an amended petition. (*Id.* at ¶ 22 & Exhibit A; R. 11-1, 12-1.)

## ANALYSIS

**I.     Jurisdiction**

Before turning to the substance of this motion, the Court must address a jurisdictional issue not raised by the parties. Under 8 U.S.C. § 1447(b), an applicant may petition a district court for review only if the USCIS failed to make a decision on his application within 120 days of his examination. In this case, the USCIS did not make a determination within 120 days of Gorenyuk's examination. Gorenyuk, however, did not initially seek this Court's review pursuant to 8 U.S.C. § 1447(b). Rather, Gorenyuk waited until after the USCIS issued its Initial Decision (outside of the 120-day window) and then sought an Administrative Appeal of the USCIS's

Initial Decision, pursuant to 8 U.S.C. § 1447(a). It was only after Gorenyuk sought the Administrative Appeal that he petitioned this Court for review pursuant to 8 U.S.C. § 1447(b). In other words, Gorenyuk attempted to petition this Court for review of the Initial Decision while the Appellate Appeal was still pending. The Court is thus presented with the question of whether a naturalization applicant may invoke a district court's review of his application pursuant to § 1447(b) after the applicant has invoked § 1447(a). The clear statutory scheme dictates that he may not.

The Court's analysis begins with the language of the statute. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S. Ct. 843, 136 L. Ed. 2d 808 (1997). Title 8 U.S.C. § 1447(b) states:

> if there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b); *see also United States v. Hovsepian*, 359 F.3d 1144, 1162 (9th Cir. 2004) ("Section 1447(b) is best viewed as a mechanism by which naturalization applicants who are impatient with [the USCIS] delay may skip the agency's analysis of their application and proceed directly to the step in which the district court conducts a de novo review of the application.").

When Gorenyuk petitioned the Court pursuant to § 1447(b) on March 1, 2007, the USCIS had long since denied Gorenyuk's application for naturalization under § 1446. Moreover, at the time Gorenyuk filed his petition, he had already sought an Administrative Appeal, pursuant to § 1447(a). That statute provides:

> If, after an examination under [8 U.S.C. § 1446], an application for naturalization is

denied, the applicant may request a hearing before an immigration officer.

8 U.S.C. § 1447(a).

Reading subsections (a) and (b) together, it is clear that § 1447(b) controls the situation where the USCIS has denied an application under § 1446, and § 1447(a) controls where the USCIS has yet to make a determination on the application. To read these subsections to suggest that an applicant could rely on § 1447(b) in a situation where, as here, the USCIS had denied an application outside of the 120-day period directly contradicts the plain language of subsection (b). *See United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (U.S. 1989) ("[W]here, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms.") (internal quotations and citations omitted). Thus, once the USCIS issued its Initial Decision on October 12, 2006, denying Gorenyuk's application, he lost his right to seek review from a district court under § 1447(b). Accordingly, the Court finds that Gorenyuk improperly filed his petition on March 1, 2007, pursuant to § 1447(b).

Had Gorenyuk waited to petition the Court until after the USCIS had denied his Administrative Appeal under §1447(a), however, the Court would have jurisdiction pursuant to 8 U.S.C. § 1421(c), which states:

> A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under [8 U.S.C. § 1447(a)], may seek review of such denial before the United States district court or the district in which such person resides in accordance with [5 U.S.C. §§ 701 et seq.]. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c). Nonetheless, because the USCIS issued its Appellate Decision denying Gorenyuk's appeal on March 15 – two weeks after Gorenyuk petitioned the Court – the Court

4

now has jurisdiction over this matter pursuant to 8 U.S.C. § 1421(c).[1]

Even though Gorenyuk relies on § 1447(b) in his amended petition, the Court will review his amended petition under 8 U.S.C. § 1421(c), which requires a de novo review. *See O'Sullivan v. United States Citizenship & Immigration Services*, 453 F.3d 809, 812 (7th Cir. 2006). Under this review, the Court makes its own findings of fact and conclusions of law and the USCIS's interpretations are not entitled the high deference outlined in *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Id.* at 811-812.

## II. Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

---

[1] Had Gorenyuk *properly* sought review pursuant to § 1447(b) – which as discussed above, he did not – the Court would not review the Appellate Decision because a proper § 1447(b) petition would likely divest the USCIS of its jurisdiction to decide the Appellate Decision. The Seventh Circuit has not yet addressed this issue, but informative decisions from the Fourth and the Ninth Circuits suggest that the USCIS would not have had jurisdiction to issue the Appellate Decision. *See U.S. v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004) (*en banc*); *Etape v. Chertoff*, 497 F.3d 379, 381 (4th Cir. 2007); *see also Angel v. Chertoff,* No. 07-cv-168-JPG, 2007 WL 3085962, at *2 (S.D. Ill., Oct. 22, 2007); *Zaranska v. U.S. Dep't of Homeland Security*, 400 F. Supp. 2d 500, 506 (E.D.N.Y. 2005); *Castracani v. Chertoff*, 377 F. Supp. 2d 71, 73 (D.D.C. 2005). In this particular case, whether the Court reviews the Initial Decision or the Appellate Decision is a distinction without a difference, because the Court's de novo review of both decisions results in the same conclusion. In any event, the Court does not reach this issue because Gorenyuk improperly petitioned the Court under § 1447(b).

The pertinent facts are undisputed. The Court thus turns to the two legal issues raised by Gorenyuk.

### A. Statutory Framework

To be eligible for naturalization under the Immigration and Nationality Act ("INA"), an applicant must show (1) that "after being lawfully admitted for permanent residence," he has resided continuously in the United States for at least five years; (2) he has resided continuously within the United States from the date of the application up to the time of admission to citizenship; and (3) "during all the[se] periods . . . has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." *See* 8 U.S.C. § 1427(a).

The parties do not dispute that Gorenyuk was lawfully admitted to the United States as a permanent resident and that he has resided here continuously since 1989. The sole issue before the Court is whether Gorenyuk lacks "good moral character."

The term "good moral character" is not defined by the INA. The statute does, however, set forth a list of characteristics that preclude a finding of good moral character. *See* 8 U.S.C. § 1101(f). The INA provides that "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43))." 8 U.S.C. § 1101(f)(8). Subsection (a)(43) currently defines the term "aggravated felony" to include "murder, rape, or sexual abuse of a minor" and "offense[s] described in section 2251, 2251A, or 2252 of title 18, United States Code (relating to child pornography)." 8 U.S.C. § 1101(a)(43)(A), (I).

**B.     Retroactivity**

At the time of Gorenyuk's convictions, his offenses were not aggravated felonies under the INA. *See* 8 U.S.C. § 1101(a)(43) (1994). In 1996, however, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which states that the current definition of "aggravated felony" is to be used "regardless of whether the conviction" for the offense included in the definition "was entered before, on, or after" the September 30, 1996 effective date of IIRIRA. *See* 8 U.S.C. § 1101(a)(43). Despite this clear directive, Gorenyuk argues that IIRIRA's expanded definition of "aggravated felony" (to include sexual abuse and child pornography) should not apply retroactively.

Gorenyuk's argument is contradicted by both clear precedent and the plain language of the INA. "[S]tatutes may and should be retroactively applied when the statute at issue clearly indicates that it is intended to be retroactive." *See Landgraf v. USI Film Products*, 511 U.S. 244, 280, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994). Congress made clear its intent to apply the expanded definition of aggravated felony in the same statutory section that created the new definition. *See* 8 U.S.C. § 1101(a)(43) (stating that an offense is an aggravated felony if contained in the current version of section 1101(a)(43), "regardless of whether the conviction was entered before, on, or after September 30, 1996"). Moreover, the Supreme Court has held that the aggravated felony definition is "unambiguously" retroactive. *See INS v. St. Cyr*, 533 U.S. 289, 318-19, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001); *see also Flores-Leon v. INS,* 272 F.3d 433, 439 (7th Cir. 2001) ("Congress has clearly manifested an intent to apply the amended definition of 'aggravated felony' retroactively.") (citing First and Fifth Circuit precedent); *Kai Tung Chan v. Gantner*, 464 F.3d 289, 294 (2d Cir. 2006); *Kuhali v. Reno*, 266 F.3d 93, 110-11

7

(2d Cir. 2001). Furthermore, because 8 U.S.C. § 1101(f)(8) incorporates 8 U.S.C. § 1101(a)(43) by reference, it is clear that Congress intended that the aggravated felony definitions apply retroactively to bar persons convicted of those crimes from establishing the good moral character necessary for naturalization. *Kai Tung Chan,* 464 F.3d at 294.

Accordingly, the Court finds that Gorenyuk's sexual abuse of a minor conviction[2] applies retroactively, and therefore he lacks good moral character for purposes of his naturalization application.

**C.      INA § 212(c) Waiver**

Gorenyuk next contends that the waiver he received from the Immigration Judge pursuant to 8 U.S.C. § 212(c) precludes the Court (or the USCIS) from finding that he lacks good moral character based on those convictions. This argument fails. Absolutely no authority supports the proposition that the government is foreclosed by a § 212(c) waiver from considering a conviction when determining the unrelated question of fitness for naturalization. Indeed, other courts have held that it is "entirely appropriate for the government to consider a conviction even if the alien has subsequently received a section 212(c) waiver." *Kai Tung Chan*, 464 F.3d at 294 ("[W]hen section 212(c) relief is granted, the Attorney General does not issue a pardon or expungement of the conviction itself."); *Kalil v. United States AG,* 198 Fed. Appx. 910, 913 (11th Cir. 2006); *Rodriguez-Munoz v. Gonzales*, 419 F.3d 245, 248 (3d Cir. 2005); *Molenda v INS*, 998 F.2d 291, 294-95 (5th Cir. 1993); *Molina-Amezcua v. INS*, 6 F.3d 646, 647 (9th Cir.

---

[2]The parties dispute whether Gorenyuk's child pornography convictions fall within the definition of "aggravated felony" listed in 8 U.S.C. § 1101(a)(43)(I). The Court does not address this issue, however, because Gorenyuk's sexual abuse of a minor conviction undisputably falls within § 1101(a)(43)(A), and this conviction alone precludes a finding that Gorenyuk is "of good moral character."

8

1993); *Matter of Balderas*, 20 I. & N. Dec. 389, 391 (B.I.A. 1991); *see also Le Polizzi v. United States Dep't of Homeland Sec.,* 06-C-038-C, 2006 WL 3025686, at *1-2 (W.D. Wis., June 8, 2006). The Court finds the reasoning of these courts persuasive. Gorenyuk's § 212(c) waiver does not preclude the Court (or the USCIS) from considering his convictions for naturalization purposes.

## CONCLUSION

For the reasons above, the Court grants Defendant's Motion for Summary Judgment.

**Dated:** November 8, 2007

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**